Citation Nr: 1725263 
Decision Date: 06/21/17 Archive Date: 07/17/17

DOCKET NO. 12-19 157 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in San Diego, California


THE ISSUES

1. Whether new and material evidence has been received to reopen a claim for entitlement to service connection for a lump under the right breast.

2. Entitlement to service connection for herpes.


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

S. Anwar, Associate Counsel




INTRODUCTION

The Veteran had active service from November 1996 to November 2000.

This matter comes before the Board of Veterans' Appeals (Board) from June 2010 and May 2011 rating decisions of the Department of Veterans Affairs (VA) Regional Office (RO) in San Diego, California.

In October 2016, the Veteran testified at a Videoconference hearing before the undersigned Veterans Law Judge (VLJ), as assisted by counsel. The undersigned noted the issues on appeal and engaged in a colloquy with the Veteran toward substantiation of the claims. See Bryant v. Shinseki, 23 Vet. App. 488, 496-97 (2010). A copy of the hearing transcript is associated with the claims file.

Pursuant to VA's duties to notify and assist the Veteran, VA advised the claimant how to substantiate an application for benefits, obtained all relevant and available evidence, and conducted any appropriate medical inquiry. The appeal is ready for appellate review. This appeal was processed using the Virtual VA and Veterans Benefits Management System (VBMS) paperless claims processing system. 


FINDINGS OF FACT

1. The Veteran's application to reopen a claim for entitlement to service connection for a lump under her right breast is moot.

2. The Veteran's herpes was incurred in service.


CONCLUSIONS OF LAW

1. The claim for entitlement to service connection for a lump under the right breast is moot. 38 U.S.C.A. § 7105 (West 2014); 38 C.F.R. §§ 20.202, 20.204 (2016).
2. The criteria for service connection for herpes have been met. 38 U.S.C.A. §§ 1110, 1111, 1112, 1113, 5107(b) (West 2014); 38 C.F.R. §§ 3.102, 3.303, 3.304 (2016).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

Right Breast Lump

The Board may dismiss any claim that fails to allege a specific error of fact or law in the decision being appealed. 38 U.S.C.A. § 7105. An appeal may be withdrawn as to any or all of the issues on appeal at any time before the Board promulgates a decision. 38 C.F.R. § 20.204. Withdrawal may be made by the veteran or by his or her authorized representative. Id. 

During the October 2016 hearing, the Veteran testified that the symptoms she originally described as a lump below her right breast have since been diagnosed as a ventral hernia, which has been service-connected. The Board finds the Veteran's original service connection claim is now moot as a separate grant of service connection would in effect be service connecting the same disorder. Compare 38 C.F.R. § 4.14 (the evaluation of the " same disability " or the " same manifestation " under various diagnoses is to be avoided) and Esteban v. Brown, 6 Vet. App. 259 (1994) (while pyramiding of disabilities is to be avoided pursuant to 38 U.S.C.A. 
§ 1155 and 38 C.F.R. § 4.14 , it is possible for a veteran to have separate and distinct manifestations from the same injury permitting two different disability ratings). 

Thus, there are no allegations of errors of fact or law for appellate consideration. 38 C.F.R. § 20.202. The Board does not have jurisdiction to review this claim and it is therefore dismissed.




Service connection

Service connection may be granted for a disability resulting from a disease or injury incurred in or aggravated by service. See 38 U.S.C.A. §§ 1110, 1131; 38 C.F.R. § 3.303(a). "To establish a right to compensation for a present disability, a Veteran must show: '(1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service' - the so-called 'nexus' requirement." Holton v. Shinseki, 557 F.3d 1362, 1366 (Fed. Cir. 2010) (quoting Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004)). Disorders diagnosed after discharge will still be service connected if all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d); see Combee v. Brown, 34 F.3d 1039, 1043 (Fed. Cir. 1994).

In deciding an appeal, the Board must analyze the credibility and probative value of the evidence, account for the evidence which it finds to be persuasive or unpersuasive, and provide the reasons for its rejection of any material favorable to the claimant. Gabrielson v. Brown, 7 Vet. App. 36, 39-40 (1994); Gilbert v. Derwinski, 1 Vet. App. 49, 57 (1990). Competency of evidence differs from weight and credibility. Competency is a legal concept determining whether testimony may be heard and considered by the trier of fact, while credibility is a factual determination going to the probative value of the evidence to be made after the evidence has been admitted. Rucker v. Brown, 10 Vet. App. 67, 74 (1997); Layno v. Brown, 6 Vet. App. 465, 469 (1994). 

When considering whether lay evidence is competent, the Board must determine, on a case-by-case basis, whether a veteran's particular disability is the type of disability for which lay evidence may be competent. Kahana v. Shinseki, 24 Vet. App. 428 (2011); see also Jandreau v. Nicholson, 492 F.3d 1372, 1376-77 (Fed. Cir. 2007). A veteran is competent to report symptoms because this requires only personal knowledge, not medical expertise, as it comes to him through his senses. See Layno, 6 Vet. App. 465, 469. Lay testimony is competent to establish the presence of observable symptomatology, where the determination is not medical in nature and is capable of lay observation. Barr v. Nicholson , 21 Vet. App. 303. Lay evidence may establish a diagnosis of a simple medical condition, a contemporaneous medical diagnosis, or symptoms that later support a diagnosis by a medical professional. Jandreau, 492 F.3d 1372, 1377.

When all the evidence is assembled, the Board is then responsible for determining whether the evidence supports the claim or is in relative equipoise, with the Veteran prevailing in either event, or whether the preponderance of the evidence is against the claim, in which case the claim is denied. 38 U.S.C.A. § 5107; 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49 (1990). 

In deciding claims, it is the Board's responsibility to evaluate the entire record on appeal. See 38 U.S.C.A. § 7104(a). Although the Board has an obligation to provide reasons and bases supporting this decision, there is no need to discuss each and every piece of evidence submitted by the Veteran or on his behalf. See Gonzales v. West, 218 F.3d 1378, 1380-81 (Fed. Cir. 2000). Rather, the Board's analysis below will focus specifically on what evidence is needed to substantiate the claim and what the evidence in the claims file shows, or fails to show, with respect to the claim. See Timberlake v. Gober, 14 Vet. App. 122, 128-30 (2000).

Regarding the first element of service connection, the Veteran has a current diagnosis of herpes. June 2011 and May 2012 medical records and the May 2012 VA medical examination confirm an active diagnosis of herpes simplex II.

Regarding the second element of service connection, the Veteran was examined in January 2000 for a rash in her genital area. She was treated for bacterial vaginosis, had cultures taken of the lesion, and was given an ointment to apply. Service treatment records do not indicate a diagnosis of herpes during service.

The Veteran contends she was verbally informed of a diagnosis of herpes a month later at a follow-up medical appointment. The Veteran testified she did not see anyone notate her records regarding the diagnosis. The Veteran is competent to relay a contemporaneous medical diagnosis by a medical professional. See Jandreau, 492 F.3d 1372, 1377. She indicated she had a sexually transmitted disease (STD) on her July 2000 separation medical history questionnaire, noting she was diagnosed with herpes in February 2000 and that she intended to file a disability claim "for the STD" she contracted in service. She also noted she had an STD on her September 2000 Well Woman examination at Camp Pendleton prior to separation. Medical records indicate the Veteran did not report having an STD prior to January 2000. She also testified she continues to experience breakouts of the herpes rash approximately three times a year, and that the rash is similar in symptomatology to the rash she reported in service. The Veteran is competent to assert matters about which she has first-hand knowledge, including symptoms she can perceive with her eyes. See Washington v. Nicholson, 19 Vet. App. 362 (2005); see also Layno v. Brown, 6 Vet. App. 465, 469-71 (1994). 

The May 2012 VA medical examiner's opinion that no documentation of a herpes diagnosis in service is in the Veteran's claims file and therefore the Veteran's herpes "is less likely than not to have incurred" in service. However, the Veteran is competent to report a contemporaneous medical diagnosis given to her at her February 2000 follow-up appointment. In addition, the Veteran consistently reported on medical history questionnaires following the February 2000 medical appointment that she had acquired an STD. The Board finds the Veteran credible in her testimony that she was told she had acquired herpes in service. Therefore, the claim for service connection is warranted.

The Board makes no pronouncement on the severity of the disability granted service connection, which will be decided by the AOJ in the first instance. The question of its severity is one of rating, not of service connection. Ferenc v. Nicholson, 20 Vet. app. 58 (2006) (discussing the distinction in the terms "compensation," "rating," and "service connection" as although related, each having a distinct meaning as specified by Congress). 

 (CONTINUED ON NEXT PAGE)






ORDER

The application to reopen a claim for a lump under the right breast is dismissed. 

Service connection for herpes is granted.



____________________________________________
Vito A. Clementi
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs